JUSTICE NELSON
specially concurs.
¶45 I concur in our opinion. I write separately as to one point only.
¶46 In ¶ 38 we quote In the Matter of Raynes (1985), 215 Mont. 484, ' 492, 698 P.2d 856, 861, that “[a] review of the pertinent precedent shows that past conduct or action is never admissible as relevant in a case regarding a specific charge.” We did make precisely this statement in Raynes, and, as in the case at bar, we made it in response to Raynes’ argument that he was entitled to obtain information concerning various disciplinary cases involving police officers other than himself. Raynes, 215 Mont. at 492, 698 P.2d at 861. Unfortunately, in Raynes we never cited the “pertinent precedent” which we had reviewed to support this purported statement of the law. In fact, we did not cite any authority at all in our discussion of this particular sub-issue.
¶47 That said, while it is true that in a disciplinary proceeding involving a particular police officer, the disciplinary histories of fellow police officers are not often relevant as evidence as held in Raynes and in this case,[1] Iast conduct or action is never admissible as relevant in a case regarding a specific charge.” Actually, the past conduct or actions of the officer being disciplined may well be quite relevant to the specific charge for which he is being prosecuted or disciplined, as was true in this case. Rule 404(b), M.R.Evid., in fact, allows precisely this type of evidence for some purposes and under appropriate circumstances.
¶48 Accordingly, with that clarification of my vote, I concur.
JUSTICES COTTER, LEAPHART, and REGNIER concur in the foregoing special concurrence.

 I have not separately researched the issue of when employer conduct toward other, uninvolved employees is relevant in a disciplinary proceeding, and do not, therefore, know when it is ever admissible as evidence in such a proceeding. Disciplinary proceedings cannot be tamed into wide ranging investigations of agency practice and exposure of unrelated disciplinary actions against other employees without some indication of relevance as required by the Montana Rules of Evidence. Rule 401, M.R.Evid. Therefore, I agree that the Police Commission and District Court did not abuse discretion in excluding the evidence. In any event, Wolny did not cite any authority supporting his argument that fellow police officers’ disciplinary histones were relevant to his case, and the City relied on Raynes. Thus, as far as I am concerned, Wolny did not meet his initial burden of persuasion on this issue, nor did he rebut the City’s argument. Rule 23(a)(4), M.R.App.P.